130 July 1, 2026 No. 602

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FEYSAL SUFI NOOR,
aka Feysal Suufi Noor,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR38219, 21CR27893; A186485 (Control), A186486

Chanpone P. Sinlapasai, Judge.

Submitted on May 8, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

In Case No. 22CR38219, remanded for resentencing; otherwise affirmed. In Case No. 21CR27893, affirmed.

_____

\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

In this consolidated appeal, defendant appeals a judgment of conviction in Case No. 22CR38219 for first-degree burglary constituting domestic violence (CDV), ORS 164.225, first-degree sexual abuse CDV, ORS 163.427, coercion CDV, ORS 163.275, resisting arrest, ORS 162.315, and harassment, ORS 166.065. In Case No. 21CR27893, defendant appeals a judgment revoking his probation due to his convictions in Case No. 22CR38219. On appeal, defendant raises six assignments of error. For the reasons that follow, in Case No. 22CR38219, we remand for resentencing. In Case No. 21CR27893, we affirm.

*"Reasonable Doubt" Jury Instruction.* In his first assignment of error, defendant contends that "the trial court erred in declining to instruct the jury" in Case No. 22CR38219 that "the proof beyond a reasonable doubt standard required each juror to personally reach a subjective state of near certainty that defendant was guilty."

Defendant recognizes that in *State v. Dowd*, 342 Or App 57, 575 P3d 166 (2025), this court "recently rejected an identical argument," and he acknowledges that he raises the issue in his first assignment of error "primarily to preserve it for further review."

Defendant is correct that his first assignment of error is foreclosed by *Dowd*. *See id.* at 59, 61 (trial court did not err in declining to instruct jury that "reasonable doubt" requires a "subjective state of near certitude that the defendant is guilty"). And in light of *Dowd*, we reject defendant's first assignment of error.

*Conceded Sentencing Errors.* In his second through fifth assignments of error, defendant asserts that the trial court erred in certain ways when it sentenced him in Case No. 22CR38219. As to each of those four assignments of error, the state concedes the trial court erred.

More specifically, in his second assignment of error, defendant contends that in Case No. 22CR38219 "the trial court erred in entering a separate conviction and sentence on *** harassment," because at sentencing the court orally

"said that it would merge that charge with * * * sexual abuse in the first degree." In his third assignment of error, defendant contends that in Case No. 22CR38219 "the trial court erred in imposing per diem fees" on certain counts, because the court did not pronounce the imposition of those fees at sentencing. In his fourth assignment of error, defendant contends that in Case No. 22CR38219 "the trial court erred in imposing a $200 fine on [C]ount 2," because "it did not pronounce that fine" on the record. In his fifth assignment of error, defendant contends that in Case No. 22CR38219, "the trial court erred in ordering that it could impose additional assessments without further notice to defendant and without further court order."

As noted, as to each of those assignments, the state concedes error. We agree with and accept the state's concessions. *See, e.g.*, *State v. Martinez*, 347 Or App 273, 275-76, 587 P3d 428 (2026) (recognizing "[a] criminal defendant has a right to have their sentence announced in open court" and that right to be present "extends to sentence modification if the modification is substantive" (internal quotation marks omitted)); *State v. Barr*, 331 Or App 242, 244-45, 545 P3d 772, *rev den*, 372 Or 720 (2024) (holding that the trial court erred by ordering per diem fees in the judgment when it did not pronounce the fees at sentencing).

In light of those errors, remand for resentencing in Case No. 22CR38219 is required.[1]

*Merger of Verdicts.* In his sixth assignment of error, defendant contends that in Case No. 22CR38219 the trial court erred in failing to merge the verdicts of guilt as to two counts of first-degree burglary CDV (Counts 2 and 4), one count of first-degree sexual abuse CDV (Count 6), and one count of coercion CDV (Count 7) "into a single conviction for sexual abuse in the first degree [CDV]." On appeal, defendant acknowledges that he "failed to argue that Counts 2, 4, 6, and 7 should merge into a single conviction for sexual abuse in the first degree CDV," and requests that this court review

---

[1] We note that that disposition—*i.e.*, remand for resentencing in Case No. 22CR38219—is the disposition defendant requests should this court agree with any of his second through sixth assignments of error, but disagree with his first assignment of error, as we do in this opinion.

for "plain error." *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error.").

We "decline to exercise our discretion to address defendant's unpreserved merger claim," because the trial court "may resolve that issue on remand." *State v. Norris*, 281 Or App 512, 513 n 1, 383 P3d 944 (2016); *see State v. Jay*, 251 Or App 752, 753 n 1, 284 P3d 597 (2012), *rev den,* 353 Or 209 (2013) (declining to address certain unpreserved sentencing-related errors, including regarding merger, "under the strictures of plain error," where remand for resentencing was required).

In Case No. 22CR38219, remanded for resentencing; otherwise affirmed. In Case No. 21CR27893, affirmed.